NORMAN POTTLE, PLAINTIFF, v. LINDE & GRIFFITH COMPANY, INCORPORATED, AND ERIE RAILROAD COMPANY, A CORPORATION, DEFENDANTS.

Argued October 2, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Kent & Kent*.

For the defendants, *Kellogg & Chance*.

PER CURIAM.

The plaintiff was seriously injured, while working on a new viaduct in Jersey City, by a wire cable suddenly rising in the air as he was stepping over it and carrying him up with it and dropping him on some hard concrete.

He brought this suit against the defendants, alleging that the cable was their cable and that they were guilty of negligence in allowing it to spring up in the manner indicated. The defendants denied having anything to do with the cable, and this was a controverted question of fact in the case. It is also alleged that the damages awarded to the plaintiff of $7,500 are excessive, particularly in that one of the injuries of which he complained was due to a pre-existing disease rather than to the accident, and that the verdict is illegal because it is for $7,500 damages "plus counsel fees."

As to the question of liability there was, as already stated, a great deal of contradiction in the evidence, and the defendants argued that it was against all the probabilities that any cable of theirs should have been in the place where the plaintiff was injured. The defendants were engaged in driving a large number of piles on adjoining property, belonging to the Erie Railroad Company, and the pile drivers had to be kept upright by supporting guys of wire cable similar to that which caused the injury, and which guys were led to various final anchorages, but, as the defendants claimed, always to anchorages on the ground and never passed over the viaduct, as claimed by the plaintiff. Moreover, the defendants say it was impossible for any cable of theirs, even if led over the viaduct, to have been allowed to lie loosely on the flooring and suddenly jump up as the plaintiff was stepping over it.

These are questions for the jury to pass upon, and upon which this jury did pass. The arguments for the defendants are somewhat persuasive, but on the other hand we do not feel justified in setting aside the verdict of the jury on this point; and it may be noted that we do not observe any explanation of, or attempt to explain, whose cable this was if not that of the defendants. We think the verdict in this particular should not be disturbed. As to the question of damages, the man was quite seriously injured. He was jerked up astride of this cable some fifteen feet in the air and dropped on his head on some hard concrete. There was the usual testimony of medical experts which it was for the jury to resolve. We do not feel justified in over-ruling their finding.

As to the clause "plus counsel fees," it was, of course, beyond the power of the jury to make any such award, and that part of the verdict cannot stand. But the very language of the verdict shows that the award of $7,500 was not intended to include counsel fees, and that, standing by itself, it is perfectly legal. If this were an appeal, a verdict in this form might possibly make trouble, though we do not pass on that point. As it is a motion for a new trial, we deem this court to have such control of the verdict as to hold it for the lawful damages and set it aside as to the "counsel fees,"

particularly as plaintiff has waived any claim to the latter by entry of judgment *nisi* for the $7,500 alone.

The verdict will be set aside as a finality so far as relates to the "counsel fees" element, but as to the specific sum awarded, the rule to show cause will be discharged.